IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO.: 13-137 |
| | : | |
| RICHARD HAINES, | : | |
| *Defendant.* | : | |

## MEMORANDUM

**Jones, II    J.**                                                                                       **June 3, 2021**

### I.    Introduction

Richard Haines ("Defendant") brings the instant *pro se* Motion for Reconsideration (hereinafter "Motion") (ECF No. 105) as to this Court's denial of his Motion for Compassionate Release.  Defendant's Motion reasserts concerns over potential exposure to COVID-19, particularly considering newly emerged variants.  The Government filed a Response in Opposition (ECF No. 107), arguing that Defendant has failed to state any newly discovered facts warranting reconsideration, and even if he does, because Defendant has been fully vaccinated with the Moderna vaccine and already contracted and recovered from COVID-19, he should not be granted compassionate release.  Defendant filed a Reply in Support of his Motion (ECF No. 117) restating similar arguments as made in his original Motion.  Having considered the filings, Defendant's Motion for Reconsideration is denied.

### II.    Factual and Procedural History

On January 30, 2012, Defendant's ten (10) year old stepdaughter informed her mother that Petitioner had taken photos of her in various states of dress.  Concerned for the child's

safety, the victim's mother gave Defendant's camera, two external hard drives, and a computer tower in his home office to her friend examine. Using a program to recover deleted files, the friend discovered eighty-nine (89) photographs of the 10-year-old victim in various states of dress, in lingerie, and with her breasts and genitals exposed.

On March 21, 2013, Defendant was charged with four (4) counts of using or inducing a child (his stepdaughter) to pose for child pornography images, in violation of 18 U.S.C. § 2551(a) and § 2551(e), and one (1) count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *See* Info., ECF No. 1. On September 4, 2013, Defendant pled guilty to two (2) counts of possession of child pornography, and on June 17, 2014, he was sentenced to a term of imprisonment of one hundred forty-four (144) months followed by a lifetime of supervised release. Defendant has been serving his sentence at Fort Dix FCI (hereinafter "Fort Dix"), and he is due to be released from custody on March 2, 2024.[1]

On July 23, 2020, Defendant filed a Motion to Reduce Sentence and Provide Other Equitable Relief (ECF No. 84), requesting compassionate release on the grounds that the combination of his age (67), comorbidities (hypertension, diabetes, heart condition, psoriasis, psoriatic arthritis, sleep apnea, and compromised immune system), and concerns over possible exposure to COVID-19 constitute an extraordinary and compelling reason for release. Defendant's Motion further stated that early release was warranted because he was a non-violent offender. The Government responded to Defendant's Motion on August 25, 2020 (ECF No. 86), stating that Defendant's health and medical conditions were under control and well-handled at Fort Dix and that early release of Defendant would pose a threat to society given that he had previously violated this Court's no-contact orders with the child victim and her mother. On

---

[1] *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited June 2, 2021).

December 31, 2020, Defendant filed a Reply in Support of his Motion (ECF No. 100), reiterating the dangers of COVID-19. After considering the severity of the COVID-19 pandemic, Defendant's comorbidities and age, and his potential danger to society, on January 27, 2021, the Court denied Defendant's Motion for Compassionate Release. ECF Nos. 102-103.

In response to this decision, on February 22, 2021, Defendant filed a *pro se* Motion for Reconsideration. ECF No. 105. Defendant's Motion reasserts concerns over potential exposure to COVID-19 considering the Bureau of Prison's (hereinafter "BOP")'s inability to contain the virus and newly emerging variants. Mot. 4-11. Additionally, Defendant restates that he was wrongfully convicted, despite his guilty plea. *Id*. at 14-16.[2] The Government responded on April 6, 2021, arguing that, not only has Defendant failed to provide any new factual evidence warranting reconsideration, but he has also already contracted and fully recovered from COVID-19 with little complication and has received the Moderna vaccine. Response in Opposition 6-10. On May 17, 2021, Defendant submitted a Reply in Support of his Motion (ECF No. 117), reiterating concerns over the extreme length of his sentence and that variants still pose a threat to someone with his age and medical conditions. Reply 6-12, 14-16. His Motion is thus ripe for the Court's review.

**III.    Standard of Review**

Motions for reconsideration may be filed in criminal cases. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A motion for reconsideration is

---

[2] Defendant also asserted his innocence in a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.SC. § 2255 petition he had pending before this Court at the time he filed the present Motion. ECF Nos. 68 and 83. The Court thoroughly considered such allegation in its April 27, 2021 opinion and order (ECF Nos. 113 & 114). Because Defendant currently has a pending appeal of that decision, this Court will not further consider such allegations for purposes of this Motion.

intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a party seeking reconsideration must establish the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Mere disagreement with the Court's decision is insufficient to warrant reconsideration. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011); *Ibarra v. W.Q.S.U.*, 218 F. App'x 169, 170 (3d Cir. 2007) ("[A] Rule 60(b) motion may not be used as a substitute for appeal, and...legal error, without more, cannot justify granting a Rule 60(b) motion.").

IV. **Discussion**

Defendant has failed to meet the standard for reconsideration and restates allegations he previously presented to this Court. In fact, to the extent that Defendant's full recovery from COVID-19 and having received the Moderna vaccine constitute new evidence, such knowledge further supports the Court's prior ruling denying his Motion for Compassionate Release. *See United States v. Sturgell*, No. 15-120, 2021 WL 1731787, at *7 (E.D. Pa. May 3, 2021) (Denying compassionate release where the defendant recovered from COVID-19 and has received the first dose, and is scheduled to receive the second dose, of the Pfizer vaccine); *United States v. Irizzary*, No. 14-652-13, 2021 WL 735779, at *7 (E.D. Pa. Feb. 25, 2021) (Declining compassionate release where the prisoner already contracted and recovered from COVID-19 with little complication and was fully vaccinated with the Moderna vaccine); *United States v. Moore*, No. 18-474, 2021 WL 308331, at *2 (E.D. Pa. Jan. 29, 2021) ("[The inmate's] previous experience with COVID-19 does not present an extraordinary and compelling reason for his release either. Numerous courts have

denied compassionate release at least partially because a movant already contracted the virus."); *United States v. Jimerson*, No. 15-209, 2021 WL 280085, at *3 (E.D. Pa. Jan. 25, 2021) (Finding no extraordinary or compelling reason for release where the prisoner had already recovered from COVID-19); *United States v. Moore*, No. 14-315-06, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020) ("Where [the inmate] has not faced any medical complications related to his COVID-19 infection or experienced an exacerbation of his underlying health issues, his medical condition does not qualify as 'an extraordinary and compelling reason' that would support his compassionate release."); *United States v. Wiltshire*, No. 11-310, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) ("[T]he risk of reinfection after a prior positive test for COVID-19 is not a basis for compassionate release here. Presently, there is no scientific consensus on the risk of reinfection...Moreover, this Court is unable to find a case granting compassionate release to a defendant who recovered from COVID-19 and was asymptomatic.").

Though Defendant states that the BOP has failed to properly contain the virus, as the Court explained in its prior opinion, the presence of COVID-19, alone, is insufficient to warrant an extraordinary and compelling reason for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Such a conclusion is well-settled and, at this juncture, rationale where Defendant has received a vaccine that is 94.1% effective at preventing laboratory-confirmed COVID-19 illness.[3]

While Defendant cites to cases from other districts where Courts released inmates due to

---

[3] *See* Centers for Disease Control and Prevention, *Moderna COVID-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last updated Apr. 5, 2021).

the BOP's early struggles in containing the COVID-19 virus, such cases are inapplicable to the present conditions where three (3) FDA-approved vaccines have been distributed to both inmates and the population at large. Mot. 4. As the Government states, scientific consensus may shift dramatically if vaccine-resistant variants emerge or the Moderna vaccine proves less efficacious than present studies suggest. Response in Opposition 8. If such becomes a reality, Defendant may file another motion for compassionate release, which the Court will fully consider under those circumstances. However, at present, without new evidence to suggest that Defendant has received insufficient healthcare, and especially because Defendant still has thirty-tree (33) months remaining on his sentence, his Motion for Reconsideration must be denied.

V. **Conclusion**

For the reasons set forth hereinabove, Petitioner's Motion for Reconsideration is denied. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J